# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KATHLEEN MARTIN,

    Plaintiff,

v.

ALBERTSON'S LLC,

    Defendant.

Case No. 2:24-cv-00973-JAD-NJK

**Order**

[Docket No. 20]

Pending before the Court is Defendant's renewed motion to reopen discovery deadlines and to amend answer to assert a third-party complaint. Docket No. 20. Plaintiff filed a notice of non-opposition. Docket No. 21. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). The Ninth Circuit has further elaborated that "[t]he use of orders setting a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

A request to extend deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev.

2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. "The party seeking modification of the scheduling order bears the burden of establishing diligence." *Desio*, 339 F.R.D. at 638 (citing *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019)). When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson*, 975 F.2d at 609.

When a request for relief from a case management deadline is made after that deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI*, LLC, 871 F.3d 751, 764-65 (9th Cir. 2017) (addressing former Local Rule 26-4); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.

Here, Defendant has not demonstrated diligence. Defendant submits that, during its own employee's deposition, the employee testified that a third-party cleaning company "was still present in the store and seen in the video surveillance cleaning the substance Plaintiff alleges she slipped and fell on." Docket No. 20 at 3. Since the third-party "was present on the date of the incident and potentially still in the process of cleaning the floors at the time [of] Plaintiff's incident," Defendant seeks leave to amend its answer to add a third-party complaint against the cleaning company. *Id*. However, Defendant submits that this new information was discovered during its own employee's deposition one week before the close of discovery. *Id*. at 4. Defendant submits that the video surveillance was reviewed prior to the employee's deposition, but Defendant had no prior knowledge of this information because there were several of Defendant's employees

seen in the video stocking product. *Id*. As the employees were in "normal street clothing," including the cleaning company's employee, Defendant thought the cleaning company employee was Defendant's employee. *Id*. Further, Defendant submits that it had no knowledge that an employee from a cleaning company would be the one cleaning up the substance because Defendant's employees "are typically responsible for cleaning up the spill/substance off of the floor after an incident occurs." *Id*. at 5.

Despite having this video and access to its employees, Defendant waited to confirm who was in the video until seven days before the discovery cutoff. *Id.* at 4. The Court is not persuaded that Defendant could not have discovered who was in *its* video and working in *its* store had it exercised reasonable diligence throughout the discovery period. Instead, Defendant made assumptions based on the people's clothing in the video and its employees' typical responsibilities and thus, carelessly failed to confirm the people's identities. *See id.* at 4-5. Since Defendant has failed to demonstrate diligence, the Court cannot find good cause to grant the request.[1]

Accordingly, Defendant's renewed motion to reopen discovery and to amend answer to assert a third-party complaint is **DENIED**. Docket No. 20.

Further, the parties must file their proposed joint pretrial order by March 6, 2025. *See* Docket No. 23.

IT IS SO ORDERED.

Dated: February 24, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[1] As the Court finds that Defendant has not shown good cause, it need not reach the issue of excusable neglect.