AUSTIN R. WOOD, ESQ.
Nevada Bar No.: 16026
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Facsimile: (702) 444-4455
*Email*: **Austin@richardharrislaw.com**
Attorneys for Plaintiff

**UNITED STATE DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHLEEN MARTIN, individually; <br><br> Plaintiff, <br><br> vs. <br><br> ALBERTSON'S LLC, a Foreign Limited-Liability Company; DOES I through XX; and ROE BUSINESS ENTITIES I through XX, inclusive, <br><br> Defendants. | Case No.: 2:24-cv-00973-JAD-NJK <br><br> **JOINT PRE-TRIAL ORDER** |

After pretrial proceedings in this case,

**IT IS ORDERED:**

## I.   INTRODUCTION

This is a slip and fall case that occurred on or about December 26, 2022, at an Albertsons located at 2910 Bicentennial Parkway, Henderson, Nevada 89044.

Plaintiff alleged Defendant as the owners, maintainers, operators, and/or controllers of the property owed Plaintiff a duty of care to provide a safe environment for Plaintiff, a duty of care to adequately maintain and inspect the property, and a duty of care to warn Plaintiff of any non-obvious and dangerous conditions. Plaintiff alleges Defendant breached that duty because Defendant knew, reasonably should have known, and/or caused a dangerous condition to exist at the Property and failed to warn or otherwise make safe the dangerous condition. Lastly, Plaintiff alleges that as a

direct and proximate result of these failures, Plaintiff slipped and fell and sustained injuries which required medical treatment and caused her significant pain and suffering.

Defendant denies the claims of (1) negligence/premise liability and demands strict proof of the damages alleged by Plaintiff, if any. Defendant further asserts that Plaintiff was guilty of negligence on her own part which caused or contributed to any injuries suffered by her, and that the negligence of Plaintiff exceeds that of Defendant, if any, and that Plaintiff is thereby barred from any recovery.

Defendant has offered additional affirmative defenses as part of its pleadings in this action, and Defendant reserves the right to rely on the pleadings on file in this action to articulate its contentions in this case.

## II.   STATEMENT OF JURISDICTION

This action was originated by the filing of a Complaint in the District Court, Clark County, Nevada on April 8, 2024. Defendant Answered on April 29, 2024, and removed the case from State Court to Federal Court on May 24, 2024, citing diversity between the parties and that this Court has jurisdiction of the matter under 28 U.S.C. § 1332 and 28 U.S.C § 1446(d).

## III.   THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF

1. Venue is proper.
2. This lawsuit arises out of an incident that occurred on December 26, 2024.

## IV.   THE FOLLOWING FACTS, ALTHOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE OF THE CONTRARY

1. None.

## V.   THE FOLLOWING ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL

1. Whether Defendant owed a duty of care to Plaintiff and, if so, what duty of care.
2. Whether Defendant breached a duty of care owed to Plaintiff.
3. Whether such breach was a proximate cause of the incident and, if any, what percentage.

4. Whether Plaintiff exercised ordinary care, caution or prudence for the protection of herself and, as such, whether Plaintiff was comparatively negligent.
5. Whether Plaintiff's negligence, if any, was a proximate cause of the incident and, if any, what percentage.
6. Whether Plaintiff expressly assumed whatever risk or hazard existed at the time of the incident.
7. Whether the risk or hazard were open, obvious, and known to Plaintiff.
8. Whether the damages sustained by Plaintiff were caused by the acts of third persons who were not agents, servants, or employees of Defendant and who were not acting on behalf of Defendant in any manner or form.
9. Whether Plaintiff suffered injuries as alleged, and whether those injuries were proximately caused by the incident.
10. Whether Plaintiff failed to mitigate he complained of injuries and resulting damages.
11. The nature, extent, and value of Plaintiff's incident related damages.

### VI.    THE FOLLOWING ISSUES OF LAW TO BE DETERMINED AT TRIAL

1. Whether Plaintiff's Complaint is bared by an applicable statute of limitations.
2. Whether Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.
3. The issues of law raised in the parties' anticipated Motions in Limine.
4. The issues of law raised by the parties at trial.

### VII.    EXHIBITS

1. The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

    None.

2. The following exhibits though not agreed as admissible evidence in this case, are subject to use by the parties. The parties will work to refine the list of exhibits as motions and evidentiary decisions are decided by the Court and amongst the parties:

**Plaintiff's Proposed Exhibits:**

| Exhibit | Description | Defendant's Objection |
|---|---|---|
| 1. | Plaintiff's Complaint (Bates stamped ALB000001-8) | |
| 2. | Defendant's Answer (Bates stamped ALB000009-14) | |
| 3. | Photographs of Plaintiff at the scene of the incident (SOI 0001 – SOI 0010) | |
| 4. | Photographs of Plaintiff's shoes (PPS 0001) | |
| 5. | Sweep Log Report (ALB 000015-17) | |
| 6. | Photographs taken by Albertsons (ALB000018-21) | |
| 7. | Surveillance Video of the Incident | |
| 8. | Incident Detail Report (ALB000084-88) | |
| 9. | Desert Radiology billing statement (DR 0001 – DR 0002) | |
| 10. | SimonMed Imaging medical records and billing statement (SMI 0001 – SMI 0004) | |
| 11. | Advanced Orthopedic and Sports Medicine medical records and billing statement (AOSM 0001 – AOSM 0025) | |
| 12. | Valley Hospital Medical Center medical records and billing statement (VHMC 0001 – VHMC 0149) | |
| 13. | US Anesthesia Partners of Nevada billing statement (USAP 0001) | |
| 14. | Select Physical Therapy medical records and billing statement (SPT 0001 – SPT 0033) | |

| | | |
|---|---|---|
| 15. | Collective Union Health Windmill Lane a/k/a Everside Health medical records (CUH 0001 – CUH 0179) | |
| 16. | CC Cleaning Policies and Procedures (ALB000774-818) | |
| 17. | Work Orders (ALB000769-773) | |
| 18. | General Policies and Procedures (ALB000819-957) | |
| 19. | Loss Run Report (ALB000990-993) | |
| 20. | Sweep Best Practices (ALB000994) | |
| 21. | KellerMeyer Bergensons Services Agreement (Bates stamped ALB000958-989) | |

**Defendant's Proposed Exhibits**

| Exhibit | Description | Plaintiff's Objection |
|---|---|---|
| 1. | Plaintiff's Complaint (Bates stamped ALB000001-8) | |
| 2. | Defendant's Answer (Bates stamped ALB000009-14) | |
| 3. | Sweep Log Report (Bates stamped ALB000015-17) | |
| 4. | Photographs (Bates stamped ALB000018-21) | |
| 5. | Surveillance Video via OneDrive link: Martin v Albertsons_Surveillance Video | |
| 6. | Correspondence from Richard Harris Law Firm to Albertsons dated January 9, 2023 (Bates stamped ALB000022-23) | |
| 7. | Correspondence from Richard Harris Law Firm to Sedgwick dated March 1, 2023 (Bates stamped ALB000024-25) | |



| | | |
|---|---|---|
| 8. | Correspondence from Sedgwick to Richard Harris Law Firm dated March 9, 2023 (Bates stamped ALB000026-27) | |
| 9. | Correspondence from Sedgwick to Richard Harris Law Firm dated May 16, 2023 (Bates stamped ALB000028) | |
| 10. | Chubb Group Excess Commercial General Liability Policy Declarations (Bates stamped ALB000028-34) | |
| 11. | Medical and billing records received from Simon Med Imaging (7 pages) (Bates stamped ALB000035-43) | |
| 12. | Images received from Simon Med Imaging (1 page) (CD available upon request) (Bates stamped ALB000044) | |
| 13. | Billing records received from US Anesthesia Partners of Nevada (8 pages) (Bates stamped ALB00045-52) | |
| 14. | Medical and billing records received from Select Physical Therapy (31 pages) (Bates stamped ALB000053-83) | |
| 15. | Incident Detail Report (Bates stamped ALB000084-88) | |
| 16. | Medical and billing records received from Advanced Orthopedic & Sports Medicine (28 pages) (Bates stamped ALB000089-116) | |

| | | |
|---|---|---|
| 17. | Medical and billing records received from Desert Radiology (27 pages) (Bates stamped ALB000117-143) | |
| 18. | Certificate of No Records Found received from Shadow Emergency Physicians (6 pages) (Bates stamped ALB000144-149) | |
| 19. | Medical and Images received from Desert Radiology (1 page) (Images available upon request) (Bates stamped ALB000150) | |
| 20. | Medical and billing records received from VHS - Valley Hospital (312 pages) (Bates stamped ALB000151-462) | |
| 21. | Medical and billing records received from Active Healthcare (306 pages) (Bates stamped ALB000463-768) | |
| 22. | Work Orders (Bates stamped ALB000769-773) | |
| 23. | CC Cleaning Policies and Procedures (Bates stamped ALB000774-818) | |
| 24. | General Policies and Procedures (Bates stamped ALB000819-957) | |
| 25. | KellerMeyer Bergensons Services Agreement (Bates stamped ALB000958-989) | |
| 26. | Loss Run Report (Bates stamped ALB000990-993) | |
| 27. | Sweep Best Practices (Bates stamped ALB000994) | |
| 28. | ISO Report (Bates stamped ALB000995-1013) | |

The parties reserve the right to use any discovery responses and/or deposition testimony and/or deposition exhibits for impeachment and/or substantively as party admissions, as may be

relevant at trial. The parties reserve the right to use demonstrative evidence. The parties also reserves the right to use any exhibit listed or introduced by the opposing party, or as previously produced by the parties. The parties also reserve the right to amend the proposed exhibits and objections at any time prior to the start of trial in this matter.

The parties reserve any and all evidentiary objections for trial. The parties reserve the right to object to the admissibility of trial exhibits on the basis of foundation, authenticity, hearsay, and relevance. The parties further reserve the right to object to any exhibit being offered by each side which has not been previously produced during the normal course of discovery proceedings, or pursuant to stipulation and agreement of the parties. The parties also reserve any and all evidentiary objections for trial.

**Electronic Evidence**: The parties intend to offer and present evidence in electronic format to jurors for the purpose of jury deliberations pursuant to Local Rule 16-3(b)(9) and will contact the Court Administrator for instructions how to prepare evidence in electronic format and for any other requirements set by the Court.

**Depositions**: The parties at this time do not intend to offer page and line designations for any deposition transcripts. In the event that the parties learn that a witness is unavailable to testify at trial, the respective party will notify all parties and the Court of page and line designations of the unavailable witness's deposition transcript to offer at trial. Defendant reserves the right to use all depositions which have been conducted in this action to refresh recollection and/or to impeach a witness, and otherwise use at trial in accordance with the applicable rules, i.e., Fed. R. Civ. P. 32; Fed. R. Evid. 801(d).

### VIII.   FACT & PERCIPIENT WITNESSES

**Plaintiff's Proposed Witnesses**

1. Kathleen Martin
   c/o Richard Harris Law Firm
   801 South 4th Street
   Las Vegas, Nevada 89101
   Phone: (702) 444-4444

2. Scott Martin
   2043 Colvin Run Drive

       Henderson, Nevada 89052

3. Jaime Franco, Employee of Albertson
   c/o BRANDON | SMERBER LAW FIRM
   139 East Warm Springs Road
   Las Vegas, Nevada 89119
   Phone: (702) 380-0007

4. Kenny Benedict, 30(b)(6) Designee
   c/o BRANDON | SMERBER LAW FIRM
   139 East Warm Springs Road
   Las Vegas, Nevada 89119
   Phone: (702) 380-0007

5. Anebe Pretorius, 30(b)(6) Designee
   c/o BRANDON | SMERBER LAW FIRM
   139 East Warm Springs Road
   Las Vegas, Nevada 89119
   Phone: (702) 380-0007

6. X. Nick Liu, D.O.
   Advanced Orthopedic & Sports Medicine
   7195 Advanced Way
   Las Vegas, Nevada 89113

**Defendant's Proposed Witnesses:**

1. Plaintiff, KATHLEEN MARTIN, c/o Austin R. Wood, Esq. of Richard Harris Law Firm, 801 South Fourth Street, Las Vegas, Nevada 89101. This witness is expected to testify regarding the facts and circumstances surrounding Plaintiff's Complaint.

2. Defendant, ALBERTSON'S LLC's 30(b)(6) witness, c/o Lew Brandon, Jr., Esq., Ryan Venci, Esq., and Kristen Molloy, Esq. of Brandon | Smerber Law Firm, 139 E. Warm Springs Road, Las Vegas, Nevada 89119. This witness is expected to testify regarding the facts and circumstances surrounding Plaintiff's Complaint.

3. Jaime Franco, Defendant, ALBERTSON'S LLC's employee, c/o Lew Brandon, Jr., Esq., Ryan Venci, Esq., and Kristen Molloy, Esq. of Brandon | Smerber Law Firm, 139 E. Warm

Springs Road, Las Vegas, Nevada 89119. This witness is expected to testify regarding the facts and circumstances surrounding Plaintiff's Complaint.

4.  Kenny Benedict, Defendant, ALBERTSON'S LLC's employee, c/o Lew Brandon, Jr., Esq., Ryan Venci, Esq., and Kristen Molloy, Esq. of Brandon | Smerber Law Firm, 139 E. Warm Springs Road, Las Vegas, Nevada 89119. This witness is expected to testify regarding the facts and circumstances surrounding Plaintiff's Complaint.

5.  Alexander Serrano, Defendant, ALBERTSON'S LLC's employee, c/o Lew Brandon, Jr., Esq., Ryan Venci, Esq., and Kristen Molloy, Esq. of Brandon | Smerber Law Firm, 139 E. Warm Springs Road, Las Vegas, Nevada 89119. This witness is expected to testify regarding the facts and circumstances surrounding Plaintiff's Complaint.

6.  Custodian of Records and/or Person Most Knowledgeable for Simon Med Imaging, 6900 E Camelback Rd, Ste. 700, Scottsdale, AZ 85251. This witness is expected to testify regarding the completeness and authenticity of any and all records obtained concerning the treatment, prognostics and diagnostics of Plaintiff's alleged injuries.

7.  Custodian of Records and/or Person Most Knowledgeable for US Anesthesia Partners of Nevada 7160 Rafael Rivera Way, Ste 210 Las Vegas, NV 89113. This witness is expected to testify regarding the completeness and authenticity of any and all records obtained concerning the treatment, prognostics and diagnostics of Plaintiff's alleged injuries.

8.  Custodian of Records and/or Person Most Knowledgeable for Select Physical Therapy 680 American Ave, 2nd Floor King of Prussia, PA 19406. This witness is expected to testify regarding the completeness and authenticity of any and all records obtained concerning the treatment, prognostics and diagnostics of Plaintiff's alleged injuries.

9. Custodian of Records and/or Person Most Knowledgeable for Advanced Orthopedic & Sports Medicine 7195 Advanced Way Las Vegas, NV 89113. This witness is expected to testify regarding the completeness and authenticity of any and all records obtained concerning the treatment, prognostics and diagnostics of Plaintiff's alleged injuries.

10. Custodian of Records and/or Person Most Knowledgeable for Desert Radiology 2020 Palomino Ln, Ste 100 Las Vegas, NV 89106. This witness is expected to testify regarding the completeness and authenticity of any and all records obtained concerning the treatment, prognostics and diagnostics of Plaintiff's alleged injuries.

11. Custodian of Records and/or Person Most Knowledgeable for Shadow Emergency Physicians 620 Shadow Lane Las Vegas, NV 89106. This witness is expected to testify regarding the completeness and authenticity of any and all records obtained concerning the treatment, prognostics and diagnostics of Plaintiff's alleged injuries.

12. Custodian of Records and/or Person Most Knowledgeable for VHS-Valley Hospital 620 Shadow Lane Las Vegas, NV 89106. This witness is expected to testify regarding the completeness and authenticity of any and all records obtained concerning the treatment, prognostics and diagnostics of Plaintiff's alleged injuries.

13. Custodian of Records and/or Person Most Knowledgeable for Active Healthcare 911 North Buffalo Drive, Ste 113 Las Vegas, NV 89128. This witness is expected to testify regarding the completeness and authenticity of any and all records obtained concerning the treatment, prognostics and diagnostics of Plaintiff's alleged injuries.

14. Anebe Pretorius, Defendant, ALBERTSON'S LLC's employee, c/o Lew Brandon, Jr., Esq., Ryan Venci, Esq., and Kristen Molloy, Esq. of Brandon | Smerber Law Firm, 139 E. Warm

Springs Road, Las Vegas, Nevada 89119. This witness is expected to testify regarding the facts and circumstances surrounding Plaintiff's Complaint.

The parties agree that the witness and exhibit list may be amended as required before trial. The parties reserve the right to use any witnesses listed by any other party to this litigation. The parties further reserve the right to name and list any witnesses deemed necessary for rebuttal and/or impeachment purposes.

## IX.   TRIAL DATE

Counsel have met and conferred and submit a list of three (3) agreed-upon start dates for trial:

February 9, 2026

February 16, 2026

February 23, 2026

It is expressly understood by the undersigned that the Court will set a trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

## X.   ESTIMATED LENGTH OF TRIAL

It is estimated that the trial will take a total of 7-10 days.

DATED on this 5th day of March, 2025.   DATED on this 5th day of March, 2025.

**RICHARD HARRIS LAW FIRM**   **BRANDON | SMERBER LAW FIRM**

 /s/ Austin Wood                                        /s/ Kristen Molloy                          
Austin R. Wood, Esq.   Lew Brandon, Jr., Esq.
Nevada Bar No.: 16026   Nevada Bar No.: 5880
801 South Fourth Street   Ryan Venci, Esq.
Las Vegas, Nevada 89101   Nevada Bar No. 7547
*Attorneys for Plaintiff*   Kristen Molloy, Esq.
   Nevada Bar No. 14927
   139 E. Warm Springs Road
   Las Vegas, Nevada 89119
   *Attorney for Defendant*

**IT IS HEREBY ORDERED THAT:**

1. **Trial date**. This case is set down for a JURY trial on the Tuesday, February 10, 2026, 9:00 a.m. two-week trial stack.

2. **Calendar call**. The parties must appear for Calendar Call on January 26, 2026, at 1:30 p.m.

3. **Length of trial**. Though the parties have indicated that they anticipate this will be a 7 to 10- day trial, upon review, the court concludes that this case should take no more than 4 full days to try, so the parties should plan and prepare their witness schedules to finish this trial within 4 days, and during voir dire, the court will seek a jury that is time-qualified for 4 days.

4. **Trial documents must be filed by Calendar Call**. No later than noon on the day before the scheduled Calendar Call, each party must file with the Court: (a) the parties' trial briefs; (b) a list of each party's witnesses; (c) a stipulated exhibit list, and separate exhibit lists for exhibits that are not stipulated (the parties must meaningfully meet and confer to prepare a stipulated exhibit list before this deadline); (d) jointly proposed jury instructions and separate jury instructions for proposed instructions that are not stipulated to; (e) each party's proposed voir dire questions.

5. **Deposition designations due 30 days before trial**. Any party who anticipates presenting deposition testimony in lieu of live testimony must file (a) page-and-line designations along with (b) a mini version of each relevant deposition transcript at least 30 days before trial; failure to timely file deposition designations will result in the preclusion of the testimony at trial. **Objections** to such designations must be filed no later than **five calendar days after** the designations are filed; failure to file timely objections to deposition designations renders those objections waived. **Responses to any**

1

**such objections are due three calendar days after** the objections are filed. **Absent extraordinary circumstances, no extension of these deadlines will be granted** with or without a stipulation because rulings on such designations are time-consuming and the court requires sufficient time in advance of trial to make them.

6. **Motions in limine**.

    a. **MIL deadlines**. Motions in limine (MILs) are due December 12, 2025, and responses are due 14 days later. These court-ordered deadlines override any deadline contained in a federal or local rule and will not be extended absent extraordinary circumstances. MIL replies will be allowed only with leave of court, and each side may file only a single request for leave, see L.R. 16-3(a).

    b. **Additional MIL requirements**. The process for preparing and filing motions in limine will be governed by the following additional rules and considerations:

        i. *Meaningful meet-and-confer required*. As Local Rule 16-3 requires, before any motion in limine is filed, the parties must meet and confer (by telephone or in person not merely by email or some other form of writing) about the substance of each contemplated in-limine issue and attempt to reach an agreement on the issue. Evidentiary agreements reached during this process must be memorialized by a written stipulation. If the parties do not reach an agreement on an issue and a motion in limine remains necessary, the motion must be accompanied by a declaration certifying that counsel actually conferred in good faith to resolve the issue before the motion was filed (or re-filed), see L.R. 16-3(a). The failure to include the certificate of counsel will result in the automatic denial of the motion without the opportunity to cure this deficiency.

    ii. *Only evidentiary issues.* Motions in limine must address only true evidentiary issues and not be belated motions for dispositive rulings disguised as a motion in limine.

    iii. *Omnibus filing.* Any party desiring to file motions in limine on multiple issues or requesting multiple rulings must include all in-limine issues in a SINGLE, omnibus motion that numbers each issue consecutively; no party may file multiple, separate motions. This format eliminates the need for redundant recitations of facts and introductory statements of the law. If the size of the omnibus motion exceeds the page limit in the local rule, see L.R. 7-3(b), a separate motion to exceed the page limits should be filed contemporaneously with the omnibus motion; the motion to exceed page limits must not be styled as an "emergency."

    iv. *Vague requests prohibited.* The parties are cautioned that vague requests based on speculative issues, like requests to generally preclude improper attorney arguments, violations of the golden rule, or irrelevant evidence will be flatly denied. The court intends to follow the rules of evidence and procedure at trial and expects the parties to do the same. Motions seeking little more than an order enforcing a rule waste the court's time and the parties' resources. Counsel is strongly cautioned that abuse of the motion-in-limine vehicle in this manner may result in sanctions against the attorneys.

This order will govern the trial of this case and may not be amended except by order of the court.

DATED: 3/6/2025

                  _____
                  Jennifer A. Dorsey
                  United States District Judge